## No. 13,479.

AMERICAN SURETY COMPANY OF NEW YORK *v.* CAPITOL
BUILDING AND LOAN ASSOCIATION.
(50 P. [2d] 792)

Decided October 21, 1935.

Mr. EDGAR McCOMB, Mr. MILTON D. GREEN, for plaintiff in error.

Mr. BERNARD J. SEEMAN, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error was defendant in the trial court where it was sued as surety upon a fidelity bond by defendant in error. Reference will herein be made to the parties as plaintiff and defendant. At the close of plaintiff's case, defendant moved for a nonsuit. This being denied, it elected to stand on the motion as made, judgment was entered against it, and the case is here on error.

Plaintiff, Capitol Building and Loan Association, had

512

a number of employees, and on August 5, 1929, the defendant surety company, executed and delivered to plaintiff a "blanket" indemnifying bond. Plaintiff alleged that during the life of the bond and between August 5, 1929, and July 30, 1930, there was stolen from it $2,883, money held in its own right, which sum was taken through dishonest acts committed by employees of plaintiff in its office; upon information and belief it alleged that said dishonest acts were committed by one Helen C. Vetterling. It further alleged that upon discovery of the loss and on February 20, 1931, it gave notice thereof to defendant; that thereafter it made demand for reimbursement under the terms of the bond. The demand being refused, this suit was instituted February 18, 1932. Defendant denied the loss; denied that any money was stolen from plaintiff by Helen C. Vetterling; pleaded that plaintiff had failed to comply with a condition precedent in the bond which required it to give notice within ten days after the discovery of the loss; and further alleged that plaintiff brought suit for recovery after the expiration of twelve months from discovery of the loss, which was beyond the limitation period fixed in the bond as the time within which to sue thereunder.

Plaintiff's evidence consisted of letters and documents relating to proof of loss, the testimony of Hiner, Sr., president of plaintiff company, Hiner, Jr., secretary, Lois Mealey, cashier, Floyd R. Gill, a certified public accountant, and private memorandum books of Mealey the cashier and Vetterling the bookkeeper. The dishonest acts are charged in the complaint to Vetterling.

The substance of plaintiff's evidence relative to the loss is as follows: That discrepancies are shown upon plaintiff's books kept by Vetterling; that Mealey the cashier, in charge of the cash of the company, made cash sheets each day and in addition thereto kept a private memorandum or "little black book"; that the cash sheets were turned over to Vetterling the bookkeeper, from which she made the book entries; that at the time

of the trial, all cash sheets up to February, 1930, had been destroyed; that the books of the company and the cash were kept in the vault at night and all the officers and employees, except stenographers, had the combination to the safe; that both books and cash were accessible to all; that the discrepancy shown by the audit of the books was based upon an assumption that the "little black book" was a true memorandum; that this "little black book" was not a company record, but the private memorandum of the cashier; that in the absence of the cashier, for a short period each day, Vetterling, the bookkeeper, was in charge of the cash; that the cashier sometimes worked on the books. Defendant contends that the "little black book" was erroneously admitted in evidence over its objection.

So far as the proof of a cash shortage was concerned, plaintiff's case rested largely upon the testimony of Gill, a certified accountant who examined the books of the company covering the period during which the bond was effective. He testified that for such period his examination disclosed, as a result of computations, that the difference between the cash on hand plus cash received, and the total disbursements, should have been $2,765 more than was on hand; that the discrepancy was concealed by entering less on the books than the correct total cash received; that he determined how the cash was balanced each day by reference to the private memorandum books kept by the cashier and bookkeeper and that he determined the "cash on hand figure" from the "little black book" of the cashier; that he relied on this record as the record of cash on hand; that he was employed to audit the books in December, 1930, to satisfy the bank examiner of the state of New Mexico; that he based the discrepancies found, upon the assumption that the "little black book" was correct; that in order to check as to whether the money had actually disappeared, you would first have to check whether the money actually came in; that in order to accurately determine a cash

shortage, the pass books of all depositors should be audited as there might be errors in the pass books. In addition to this testimony, Mealey the cashier testified that she took the money as it came in and recorded the amounts on collection sheets which were copied by Miss Vetterling into the record of cash received; that the collection sheets that she had made up to February, 1930, had all been destroyed, and that there was no way of checking whether or not the figures, names and dates on these sheets were correctly copied into the cash book by Vetterling.

The above is in substance the evidence bearing upon the loss and the cause thereof. The defendant moved for a nonsuit upon the ground that plaintiff had failed to establish the cause of action alleged in the complaint; that an actual cash shortage had not been established; that if any shortage was established, plaintiff had failed to show that it was due to embezzlement by Vetterling; that plaintiff had failed to comply with the conditions precedent in the bond; and that the action was barred by the limitations fixed in the bond. We believe the motion for nonsuit should have been granted, on the ground that plaintiff had failed to establish the alleged cause of action. It is therefore unnecessary to discuss other grounds of the motion, although some of them appear to be good.

The burden of proof rested upon plaintiff to establish a direct cash loss, instead of an uncertain book shortage, and it had the further burden of definitely tracing a cash shortage to the "dishonest act" of Vetterling as charged in the complaint. The material part of the bond sued upon is as follows: "A. Through any dishonest act, wherever committed, of any of the Employes, as defined in Section 6 hereof, whether acting alone or in collusion with others."

It is clearly established that the customers' pass books were not called in for examination or audit. Such an examination might have revealed that there was no

shortage at all, and disclosed a careless or negligent method of keeping the accounts and books of the plaintiff company. Before liability attaches under the bond, a loss due to the ''dishonest act'' of an employee or employees must be clearly established. Practically all employees had access to both the cash and books. A presumption of innocence follows the acts of all other employees and does not permit an inference of dishonesty on the part of Vetterling the bookkeeper. Under the circumstances, the cash was not within the absolute custody or control of any one employee of plaintiff company. The evidence relating to the cause of the undetermined and uncertain book shortage, is circumstantial and as consistent with a theory that it was caused by other employees as with the charge that it was occasioned by the dishonesty of Vetterling. The evidence being thus consistent, it does not prove either theory.

In the absence of an examination of the true source and record of cash received, that of the customers' pass books, it cannot be fairly and justly concluded that the condition of plaintiff's books was due to anything more than negligence on the part of the employee herein charged with dishonesty. Negligence producing a loss will not establish liability under the bond. To prevail, plaintiff was required to produce direct and affirmative proof first, of a loss, and second, that it was due to the dishonesty or theft of Vetterling. It could not recover under its complaint, until it had proven that the particular employee named therein had taken the funds. This could not be presumed; it had to be proven. While the employee might have been careless and negligent, she was presumed to be honest until the contrary was definitely shown. We believe plaintiff failed to sustain the burden of this affirmative proof and that the motion for nonsuit was erroneously overruled.

The judgment is reversed.

MR. JUSTICE HILLIARD and MR. JUSTICE BOUCK dissent.